1  Counsel on next page

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| AMIE HOLAK, individually, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KMART CORPORATION, a Michigan corporation;  and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 1:12-cv-00304-AWI-MJS<br><br>**STIPULATION TO PROTECTIVE ORDER RE: DISCLOSURE AND EXCHANGE OF CONFIDENTIAL INFORMATION**<br><br>State Action Filed:  Jan. 23, 2012<br>Date Removed:       Feb. 29, 2012<br>Trial Date:               Not Set |

Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Nathan Lowery (SBN 238141)
Nathan.Lowery@capstonelawyers.com
Alexandria Witte (SBN 273494)
Alexandria.Witte@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:      (310) 943-0396

Monica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, Mezzanine
Los Angeles, California 90067
Telephone:     (310) 556-5637
Facsimile:      (310) 861-9051

Attorneys for Plaintiff AMIE HOLAK

JEFFREY D. WOHL (Cal. State Bar No. 096838)
JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
ELIZABETH J. MACGREGOR (Cal. State Bar No. 267326)
MALAINA R. FREEDMAN (Cal State Bar No. 286110)
PAUL HASTINGS LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
jeffwohl@paulhastings.com
jeffmichalowski@paulhastings.com

Attorneys for Defendant
KMART CORPORATION

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produced in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel: attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional, jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must

promptly notify all other parties that it is withdrawing or modifying the mistaken designation.

5.2    *Manner and Timing of Designations*. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    *for information in documentary form* (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom-right of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" at the bottom-right of each page that contains Protected Material.

(b)    *for testimony given in deposition or in other pretrial or trial proceedings*, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is unpractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the

Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and designate those portions as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. The Party seeking to protect testimony under the "CONFIDENTIAL" designation must also notify Counsel for all other Parties in writing of the page and line numbers of the testimony deemed "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions in writing to all other Parties specifying whether they qualify as "Confidential."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.   This provision, however, does not preclude a party from contending that a challenge, due to its timing, results in substantial unfairness, unnecessary economic burden, or significant disruption or delay in the litigation.

6.2 <u>Meet and Confer and Judicial Intervention</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing by letter  with counsel for the Designating Party.  The Designating Party shall respond by explaining in writing the basis for the confidentiality designation.  Following an objection to a designation of material as confidential, Counsel shall promptly confer in an attempt to resolve this objection.  If the dispute is not resolved within twenty (20) days of the conference between counsel, the Designating Party shall follow the procedures set forth in Civil Local Rule 251 for resolving the dispute, including the filing of a Joint Statement re Discovery Disagreement containing all issues in dispute.  Such filings shall be governed by the terms of this Protective Order, and any material that a party has designated as "CONFIDENTIAL" shall be treated as confidential pursuant to this Protective Order until the Court rules on the motion regarding that designation.  The Designating Party shall bear the burden that good cause exists for the designation.  Until the court rules on any challenge, all parties shall continue to afford the material in question protection as Confidential Information under this Agreement.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of

1 persons and under the conditions described in this Order.  When the litigation has
2 been terminated, a Receiving Party must comply with the provisions of section 11,
3 below (FINAL DISPOSITION).
4    Protected Material must be stored and maintained by a Receiving
5 Party at a location and in a secure manner that ensures that access is limited to the
6 persons authorized under this Order.
7    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.
8 Unless otherwise ordered by the court or permitted in writing by the Designating
9 Party, a Receiving Party may disclose any information or item designated
10 CONFIDENTIAL only to:
11    (a) the Receiving Party's Outside Counsel of record in this
12 action, House Counsel, and Counsel's paralegals, staff, and other employees of
13 Counsel to whom it is reasonably necessary to disclose the information for this
14 litigation;
15    (b) the officers, directors, and employees of the Receiving
16 Party to whom disclosure is reasonably necessary for this litigation and who have
17 signed the "Agreement to Be Bound by Protective Order" attached hereto as
18 Exhibit A;
19    (c) experts (as defined in this Order) of the Receiving Party
20 to whom disclosure is reasonably necessary for this litigation and who have signed
21 the "Agreement to Be Bound by Protective Order";
22    (d) the Court and its personnel;
23    (e) court reporters, their staffs, and professional vendors to
24 whom disclosure is reasonably necessary for this litigation and who have signed
25 the "Agreement to Be Bound by Protective Order";
26    (f) during their depositions, witnesses in the action to whom
27 disclosure is reasonably necessary and who have signed the "Agreement to Be
28

Bound by Protective Order" or who agree to be bound to this Protective Order on the record at deposition; and/or

    (g) the author of the document or the original source of the information.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

1 under this Stipulated Protective Order, the Receiving Party must immediately (a)
2 notify in writing the Designating Party of the unauthorized disclosures, (b) use its
3 best efforts to retrieve all copies of the Protected Material, (c) inform the person or
4 persons to whole unauthorized disclosures were made of all the terms of this
5 Order, and (d) request such person or persons to execute the "Acknowledgment
6 and Agreement to Be Bound" that is attached hereto as Exhibit A.

7   10.   FILING PROTECTED MATERIAL.  Without written permission
8 from the Designating Party or a court order secured after appropriate notice to all
9 interested persons, a Party may not file in the public record in this action any
10 Protected Material.  A Party that seeks to file under seal any Protected Material
11 must comply with Civil Local Rule 141.

12   11.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in
13 writing by the Producing Party, within sixty days after the Final Termination of
14 this action, each Receiving Party must, at its option, return all Protected Material to
15 the Producing Party or destroy all Protected Material.  The instant litigation
16 reaches Final Termination when (i) a final judgment has been entered by the
17 Court or the case has otherwise been dismissed with prejudice; (ii) the time for
18 any objection to or request for reconsideration of such a judgment or dismissal
19 has expired; (iii) all available appeals have concluded or the time for such
20 appeals has expired; and (iv) any post appeal proceedings have themselves
21 concluded.  As used in this subdivision, "all Protected Material" includes all
22 copies, abstracts, compilations, summaries or any other form of reproducing or
23 capturing any of the Protected Material.  Whether the Protected Material is
24 returned or destroyed, the Receiving Party must submit a letter affirming to the
25 Producing Party (and, if not the same person or entity, to the Designating Party) by
26 the sixty-day deadline that all the Protected Material was returned or destroyed and
27 that the Receiving Party has not retained any copies, abstracts, compilations,
28 summaries or other forms of reproducing or capturing any of the Protected

Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, or anything filed with the Court, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Signatories</u>.  By signing this Stipulated Protective Order, each attorney signs on behalf of his or herself and his or her respective law firm.

12.4 <u>Types of Information Eligible for Protection and Need for Protective Order (Local Rule 141.1(c))</u>.  The types of confidential, proprietary, or private information eligible for protection under this Order include, but are not limited to Plaintiff's employment records from her current or former employers besides Defendant; and Defendant's business models and internal corporate structures, training modules and materials, new hire and orientation materials, safety procedures, store maps and diagrams, and contractual agreements.  The foregoing is for illustrative purposes only, and neither Party waives any argument that other documents or information qualify as Confidential under this Agreement or otherwise qualify for protection under applicable legal standards.  A Court Order is necessary to protect these and other confidential, proprietary, or private

information in order to protect the business and proprietary interests of Defendant and to protect the privacy interests of any individuals whose information may be shared or otherwise affected by this litigation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 25, 2013　　　　PAUL HASTINGS LLP


By: /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Jeffrey P. Michalowski
Elizabeth MacGregor
Malaina R. Freedman
Attorneys for Defendant
KMART CORPORATION

Dated: March 25, 2013　　　　INITIATIVE LEGAL GROUP APC


By: /s/ Mónica Balderrama
(authorized on 3/25/2013)
Mónica Balderrama
Attorneys for Plaintiff
AMIE HOLAK

Dated: March 25, 2013　　　　CAPSTONE LAW APC


By: /s/ Alexandria Witte
Raul Perez
Nathan Lowery
Alexandria Witte
Attorneys for Plaintiff
AMIE HOLAK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ORDER

Good cause appearing, the parties' Stipulated to Protective Order in case number 1:12-cv-00304-AWI-MJS is approved by the Court and adopted as the Order of this Court.

IT IS SO ORDERED.

Dated:   March 26, 2013          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE