1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | |
|---|---|
| **AMIE HOLAK,**<br><br>Plaintiff,<br><br>**v.**<br><br>**KMART CORPORATION, et al.,**<br><br>Defendants. | 1:12-cv-00304 AWI MJS HC<br><br>**ORDER REGARDING REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. 84)<br><br>**RESPONSE BY DEFENDANTS DUE WITHIN TEN (14) DAYS** |

17    Presently before the Court is Plaintiff Amie Holak's motion for class certification.

18  (See ECF No. 82.) Plaintiff has also filed a notice of request to seal documents provided

19  in support of the class certification motion. Specifically, it appears that Plaintiff seeks to

20  seal information contained on page 2 of the memorandum of points and authorities in

21  support of the motion for class certification, and exhibits A and D attached to the

22  declaration of Raul Perez.

23    Rather than provide the Court reasons why the documents should be sealed,

24  Plaintiff informs the Court that the documents were designated confidential by

25  Defendant, and therefore Plaintiff is obligated to file the documents under seal pursuant

26  to the terms of the protective order. However, "Plaintiff takes no position as to the

27  confidential nature of these documents."

28    As described below, the fact that Defendants deemed the documents to be

1

1   confidential is not a sufficient basis to grant the request to seal. Accordingly, Defendants,

2   as the party asserting that the information is confidential, are required to file a request to

3   seal the documents in compliance with Local Rule 141 and provide "compelling reasons"

4   why the documents are entitled to sealing.

5   **I.   FACTUAL BACKGROUND**

6          In this proposed class action Plaintiff asserts various wage and hour allegations

7   against Defendants Kmart Corporation and Sears Holdings Management Corporation.

8   (2nd Am. Compl., ECF No. 52.) Plaintiff presents claims of various wage and hour

9   violations, including, but not limited to, claims that Plaintiff and those similarly situated

10  were not compensated for time spent when employees were not allowed to leave the

11  premises after clocking out at closing. (See P&A in support of Mot. to Certify at 1, ECF

12  No. 82.) Plaintiffs appear to request to seal documents relating to Defendant's store

13  closing procedures.

14  **II.   LEGAL STANDARD FOR SEALING DOCUMENTS**

15         Courts have long recognized a "general right to inspect and copy public records

16  and documents, including judicial records and documents." Nixon v. Warner Commc'ns,

17  Inc., 435 U.S. 589, 597 (1978) (denying release of the "Nixon tapes" that were played in

18  open court and entered into evidence). "This right extends to pretrial documents filed in

19  civil cases." Estate of Migliaccio v. Allianz Life Ins. Co. (In re Midlan Nat'l Life Ins. Co.

20  Annuity Sales Practices Lit.), 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam). "Unless

21  a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of

22  access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172,

23  1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

24  1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to

25  seal a judicial record must articulate justifications for sealing that outweigh the historical

26  right of access and the public policies favoring disclosure. See id. at 1178-79.

27         The Ninth Circuit has determined that the public's interest in non-dispositive

28  motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a

2

party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action"). "The party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). That party must make a "*particularized showing* of good cause with respect to any individual document." San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999) (emphasis added). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert. denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Kamakana, 447 F.3d at 1179 (quoting Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev., 798 F.2d 1289, 1294 (9th Cir. 1986)). Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate "compelling reasons" in favor of sealing. See id. at 1178. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179 (citing Foltz, 331 F.3d at 1136). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. (citing Nixon, 435 U.S. at 598).

Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for

1   its ruling, without relying on hypothesis or conjecture." <u>Pintos</u>, 605 F.3d at 679 (quoting

2   <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995)). "[S]ources of business

3   information that might harm a litigant's competitive standing" often warrant protection

4   under seal. <u>Nixon</u>, 435 U.S. at 598.

5       Here, the request to seal is filed in conjunction with a motion for class certification.

6   The Court finds that the compelling reason standard should also apply to the class

7   certification motions. <u>See</u> <u>Davis v. Devanlay Retail Group, Inc.</u>, 2012 U.S. Dist. LEXIS

8   109798, 4 (E.D. Cal. Aug. 3, 2012) (class certification "is one that will affect whether or

9   not the litigation proceeds, the motion is considered dispositive and subject to the

10  compelling reasons standard."); contra <u>In re NCAA Student-Athlete Name & Likeness</u>

11  <u>Licensing Litig.</u>, 2013 U.S. Dist. LEXIS 85375, 11 (N.D. Cal. June 17, 2013).

12  **III.    ANALYSIS**

13      First, the requests to seal are improper under the standards articulated by the

14  Ninth Circuit. Accordingly, the request to seal is DENIED without prejudice.

15      Defendants, as the party asserting the need for confidentiality, shall be ordered to

16  file a request to seal the documents and provide "compelling reasons" why the

17  documents should be sealed.

18      Defendants are cautioned that "conclusory arguments" and "blanket" assertions

19  that documents are "confidential and proprietary" are insufficient to overcome the

20  presumption against sealing. <u>Ingram v. Pac. Gas & Elec. Co.</u>, 2013 U.S. Dist. LEXIS

21  136887, 9-10 (N.D. Cal. Sept. 24, 2013) (citing <u>Wells Fargo & Co. v. ABD Ins. & Fin.</u>

22  <u>Servs.</u>, No. 12-cv-3856-PJH, 2013 U.S. Dist. LEXIS 32593, 2013 WL 897914, at *2 (N.D.

23  Cal. Mar. 8, 2013)). The Ninth Circuit, in an unpublished opinion, has identified a trade

24  secret as "any formula, pattern, device or compilation of information which is used in

25  one's business, and which gives him an opportunity to obtain an advantage over

26  competitors who do not know or use it." <u>In re Elec. Arts, Inc.</u>, 298 F. App'x 568, 569 (9th

27  Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying

28  <u>Kamakana</u> and <u>Nixon</u>, the Ninth Circuit reversed a district court for refusing to seal

4

information that qualified under this standard. <u>In re Elec. Arts, Inc.</u>, 298 Fed. App'x. at 569. On the other hand, information does not have value to a competitor merely because the competitor does not have access to it." <u>Travelers Prop. Cas. Co. of Am. v. Centex Homes</u>, No. 11-cv-3638-SC, 2013 U.S. Dist. LEXIS 26241, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) (plaintiff-insurer's "Construction Defect Review Guidelines" were not sealable because plaintiff failed to make proper showing).

In addition to addressing the compelling reasons standard, Defendants' request to seal must also meet the particularity required under Local Rule 141 which requires the parties to specifically address "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Local Rule 141. Further, "[t]he documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request." <u>Id.</u>

**IV.    ORDER**

Plaintiff's request to seal is hereby DENIED without prejudice. Defendants are hereby ORDERED to file a notice and request to seal documents complying with the requirements of Local Rule 141 within fourteen (14) days of the issuance of this order. As Defendant is the party asserting that the documents are confidential, Plaintiff shall provide Defendant an opportunity to review the sealed exhibits supporting the motion for certification.

IT IS SO ORDERED.

Dated:   February 6, 2014         /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE