# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIE HOLAK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>K MART CORPORATION, a Michigan Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  1:12-cv-00304-AWI-MJS<br><br>ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS<br>(ECF No. 129)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE, DENYING PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER, AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br>(ECF Nos. 82, 95, 104, 113, 129, 130.) |

## I.

## INTRODUCTION

Plaintiff Amie Holak ("Plaintiff") filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure against Kmart Corporation ("Defendant").  (ECF No. 85.)  The action was set before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Bother parties filed cross-motions to strike declarations provided in support and in opposition to the certification motion. (ECF Nos. 95, 104.) Plaintiff also filed a motion to modify the scheduling order in order to permit Plaintiff to conduct rebuttal discovery regarding the declarations submitted by Defendant in opposition to Plaintiff's

1

certification motion.

On June 6, 2014, the Magistrate Judge filed a findings and recommendations ("F&R") which was served on the parties and which contained notice that any objections to the F&R were to be filed within fourteen days. Any response was to be filed within fourteen days of the objection. Each party filed objections to the F&R within fourteen days then a response to the other's objections within fourteen days.

The Court has the power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" whether objections have been filed or not. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). In accordance with the provisions of 28 U.S.C. § 636(b) the Court has conducted a *de novo* review of this case. Plaintiff made four objections: (1) the first recommendation (striking the declarations of six putative class members) is based on the erroneous finding that Defendant was prejudiced by Plaintiff's failure to disclose the identities of the declarants prior to the discovery cut-off[1]; (2) the second recommendation (striking, *inter alia*, the declarations of the non-exempt employees other than those at the Coalinga store) is based in part on the erroneous finding that Defendant made a timely disclosure of the identities and contact information Coalinga employees; (3) the second (refusing to strike the declarations of the assistant manager employees ("ASMs")) and third (denying modification of the scheduling order) recommendations are erroneous because they erroneously assume that Plaintiff could have deposed the ASMs without their declarations which were not provided until the filing of Defendant's opposition to the class certification motion; (4) the fourth recommendation (denying class certification) is erroneous because the Magistrate Judge (a) misconstrued Plaintiff's allegations regarding the policy creating commonality as to the off-the-clock subclass, (b) improperly drew inferences from the evidence in Defendant's favor and made determinations on the merits, (c) gave improper weight to Defendant's declarations, (d) inconsistently determined that, although any individualized inquiry required for determination of correctness of wage rate statements would not defeat certification, Plaintiff was

---

[1] Plaintiff also objects to the Magistrate Judge setting the discovery cut-off four months before the deadline to file a motion for class certification.

2

not entitled to certification because she did not bear her burden of establishing that inaccurate wage statements are common to the putative class. The Court finds Plaintiff's second objection persuasive. Otherwise, the Court will overrule Plaintiff's objections.

Defendant has also made four objections: (1) the portion of the second recommendation striking non-Coalinga, non-exempt employees is erroneous because (a) Defendants disclosed the declarants contact information within the disclosure deadline, rendering its disclosures "*per se* timely" (ECF. No. 132 at 3)(emphasis original), (b) assuming the disclosure was untimely, the delay was harmless, and (c) the Magistrate Judge erroneously determined that the timing of Defendant's disclosures were not substantially justified; (2) the Magistrate Judge erroneously recommended that Defendant's evidentiary objection's to Plaintiff's declaration should be overruled; (3) the Magistrate Judge erroneously considered certification on Plaintiff's unpled wage statement claim; (4) the Magistrate Judge erroneously found that a "minimal injury," in this case an inaccurate overtime rate reported but accurate rate actually paid, could constitute redressable injury under California Labor Code section 226(e)(2)(B).

Having carefully reviewed the entire file, the Court will adopt the F&R with the clarifications made, infra.

## II.

## ANALYSIS

A. The certification discovery deadline and Plaintiff's non-compliance therewith

Plaintiff objects to the Magistrate Judge's setting of the discovery cut-off for class certification related discovery four months prior to the deadline for filing of a class certification motion. The Plaintiff brought suit in January of 2012 and began discovery on July 12, 2012. (ECF. No. 33.) The Magistrate Judge entered a scheduling order on March 29, 2013, requiring all class certification related discovery to be completed on or before October 10, 2013; warning therein that any "information [or] documents discovered or produced after that date shall not be included in or considered by the Court in ruling on the [class certification] [m]otion." (ECF. No. 70 at 2.) Beyond that warning, the Magistrate Judge cautioned that the duty to provide supplemental disclosures would be "strictly enforced." (Id.) In total, the "parties had nearly

fifteen months to conduct certification discovery." (ECF. No. 129 at 7.) Plaintiff made no objection to the scheduling ordered entered by the Magistrate Judge, made no request to extend discovery, and made no request to compel discovery prior to the instant objection to the close of discovery and the filing of her motion for class certification. Plaintiff has far overplayed her hand in alleging that the Magistrate Judge abused his authority when he set a certification discovery deadline four months before the deadline for the motion for class certification deadline. (ECF. No. 133 at 12-13.)

Districts Courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir.1986).

Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the district judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." In re Arizona, 528 F.3d 652, 657 (9th Cir. 2009) (citing e.g., Fed. R. Civ. P. 16(c)(2)), cert. denied, --- U.S. ----, 129 S. Ct. 2852, 174 L. Ed.2d 551 (2009). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson, 975 F.2d at 610. The Ninth Circuit has clarified why the Rule 16 deadlines should be taken seriously:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005); see also, Singh v.

Arrow Truck Sales, Inc., 2006 WL 1867540, at *2 (E.D. Cal., July 5, 2006) ("Rules are rules – and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance"), citing Legault v. Zambrano, 105 F.3d 24, 28-29 (1st Cir. 1997).

The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets by recognizing the importance of a "district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the [party's] prior discovery efforts were not diligent." Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." Id. As the Ninth Circuit has emphasized, "[d]istrict courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." Id. (citation and internal quotation marks omitted).

The Magistrate Judge was well within his discretion to set a discovery deadline that required the close of class certification discovery four months prior to the deadline for the class certification motion. The limitation of the scope of the discovery to the Coalinga store was also within the Magistrate Judge's discretion since he correctly determined that in order to require Defendant to provide statewide class discovery Plaintiff must make a *prima facie* showing that class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of class allegations; absent such a showing, the Court's refusal to allow class discovery is not an abuse of discretion. See Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).

Plaintiff also contends that the Magistrate Judge's scheduling order only required that

"information and documents," but not witnesses be disclosed by October 10, 2013. As the F&Rs competently discuss, the Scheduling Order clarified that "information and documents discovered or produced after [October 10, 2013] shall not be … considered by the Court." (ECF. No. 129 at 8-9; ECF No. 70 at 2.) In order to be timely disclosed, the name and contact information of any witness whose testimony was to be relied upon in a certification motion was required to be submitted by October 10, 2013.[2]

Plaintiff contends that the Magistrate Judge erred concluding that Plaintiff's failure to disclose witnesses was neither justified nor harmless. See Fed. R. Civ. Proc. 37(c)(1). ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or harmless."); see also R & R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d 1240, 1246 (9th Cir.2012) ("The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."). This Court finds that the Magistrate Judge's analysis and finding in that regard are without error. Plaintiff's offer to provide Defendant access to her witnesses ten days before the due date for Defendant's opposition to the certification motion does not render harmless her failure to disclose those witnesses in a timely manner.

After having conducted its own de novo review of this section, this Court will adopt the Magistrate Judge's recommendation to grant Defendant's motion to strike the undisclosed declarations submitted along with Plaintiff's motion for certification.

B.  Defendant's hourly associate employee declarations.

Plaintiff contends that the Magistrate Judge refused to strike the declarations of the Coalinga hourly employees based on the erroneous factual finding that the names and contact information for those employees were timely disclosed. Defendant contends that because all of the disclosures required under Rules 26(a) and 26(e) were within the discovery period set by the Magistrate Judge that its disclosures were timely, therefore its declarations should not be

---

[2] Plaintiff's reference to Rule 26(e) for the proposition that her disclosures were not required before the court-imposed deadline is inapposite because Rule 26(e) specifically provides for the Court to order its own discovery timetable. FRCP 26(e)(1)(a-b).

stricken. This Court agrees with Plaintiff and will sustain her objection.

The Magistrate Judge struck the declarations of all of the hourly associate employees -- other than those who worked at the Coalinga store -- because the Defendant waited until the last day of the discovery period, October 10, 2013, to supplement its disclosures even though it obtained the majority of the declarations in May and June of 2013. (ECF. No. 129 at 13.) The Magistrate Judge differentiated between the Coalinga and non-Coalinga groups based on the incorrect understanding that the Coalinga employee names and contact information were disclosed prior to the names of the other non-exempt employees. Rather, Defendant disclosed the names of all of its hourly employees on the last day of the class discovery period. (ECF No. 135 at 11; ECF No. 114 at 1.)

Federal Rule of Civil Procedure 26 requires that potential witnesses be identified and their contact information and subjects of the relevant information that they possess provided, either in initial or supplemental disclosures. As the Ninth Circuit recently explained: "[o]rderly procedure requires timely disclosure" to ensure the smooth progression of the litigation. Ollier v. Sweetwater Union High Sch. Dist., --- F.3d ----, 2014 WL 4654472, *12 (9th Cir. Sept. 19, 2014). "The late disclosure of witnesses throws a wrench into [that] machinery. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn … impairs the ability of every trial court to manage its docket." Ollier, 2014 WL 4654472, at *12. In light of that consideration and the potential for unfair surprise to the opposing party, district courts enjoy "wide discretion in controlling discovery." Ollier, 2014 WL 4654472, at *12 (citing Jeff D. v. Otter, 643 F.3d 278, 289 (9th Cir. 2011)). The Ninth Circuit has noted, that discretion is "particularly wide" in the context of excluding witnesses under Rule 37(c)(1). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir 2001).

This Court now holds that all of the declarations by Defendant's hourly associates are appropriately stricken for failure to make timely supplemental disclosures as required by Rule 26(e). See Fed. R. Civ. Proc. 37(c)(1). Without considering the declarations by Defendant's

7

hourly associates, rather, looking only at the parties' remaining evidence, this Court would still adopt the Magistrate Judge's conclusion with regard to Plaintiff's failure to prove commonality as to her "off-the-clock" subclass, as explained in Section II(E), infra.[3]

After having conducted its own de novo review of this section, this Court will adopt the Magistrate Judge's recommendation to grant Plaintiff's motion to strike the declarations of the non-Coalinga hourly employees. This Court will respectfully refuse to adopt the Magistrate Judge's recommendation to deny Plaintiff's motion to strike the declarations of the Coalinga hourly employees; those declarations will be stricken.

C. Defendant's assistant manager employee declarations

Plaintiff objects to the Magistrate Judge's recommendation that the declarations of the assistant manager employees not be stricken. The Defendant's disclosure of the identities, contact information, and topic of testimony of the assistant manager employees was timely because those depositions were taken in late September and early October, 2013, and disclosed to Plaintiff on October 10, 2013. (ECF No. 129 at 12; see Fed. R. Civ. Proc. 26(e).)

Plaintiff further contends that the Magistrate Judge's order erroneously assumed that she could have deposed all of the potential assistant manager employees without first having received their declarations from Defendant. (ECF No. 133 at 18.) The Magistrate Judge addressed this argument in his F&R, finding that

> Plaintiff's argument is without merit. The assistant manager witnesses were timely disclosed, albeit at the end of the discovery period. Furthermore, Defendant did not have a duty to provide Plaintiff the witness declarations. "The Federal Rules of Civil Procedure do not require a party who has disclosed potential witnesses to reveal the declarations signed by said witnesses for use in an impending summary judgment motion." Joseph v. Las Vegas Metro. Police Dep't, 2011 U.S. Dist. LEXIS 63954 (D. Nev. June 10, 2011) "Such declarations are considered work product up until the moment they are filed." Id. (citing Intel Corp v. Via Technologies, 204 F.R.D. 450, 451-2 (N.D. Cal. 2001).

(ECF No. 129 at 16.) This Court agrees with the Magistrate Judge's reasoning and conclusion; the Defendant was required to disclose no more than it did regarding the assistant manager

---

[3] Although the declarations of the Coalinga hourly employees do tend to further negate Plaintiff's proof of commonality, it is Plaintiff's burden to establish the requisites of Rule 23(a). This Court is unsatisfied with her showing.

employees.

After having conducted its own de novo review of this section, this Court will adopt the Magistrate Judge's recommendation to deny Plaintiff's motion to strike the declarations of the assistant manager employees.

### D. Modification of the Scheduling Order

Plaintiff filed a motion to modify the Magistrate Judge's Scheduling Order after the Defendant filed declarations in support of its opposition to the class certification motion. In support of her motion, Plaintiff contends that Defendant's failure to provide declarations at an earlier date made the possibility that responsive depositions could be taken of those employees unworkable. The Magistrate Judge recommends denial of Plaintiff's motion to modify the scheduling order. This recommendation took into account that Defendant did not identify its witnesses until the final day of the discovery period. At that point, a diligent Plaintiff would have filed a motion to modify the scheduling order or entered into a stipulation with Defendant providing for the taking of depositions after the close of the discovery period. Rather, Plaintiff simply waited until Defendant filed its opposition and included declarations from the potential witnesses identified on the final day of the discovery period. The Magistrate Judge reasoned that Plaintiff had over a year to conduct discovery regarding class certification. Her failure to engage in discovery, file a motion to compel, or file a motion to reopen discovery after the close of the period are all indications of her lack of diligence.

This Court has reviewed the relevant authorities and agrees with the Magistrate Judge that Plaintiff's explanation that she did not seek to depose Defendant's potential witnesses at an earlier date because the transcripts were not available is unpersuasive.

After having conducted its own de novo review of this section, this Court will adopt the Magistrate Judge's recommendation to deny Plaintiff's motion to modify the scheduling order.

### E. Certification of off-the-clock work class

The Magistrate Judge outlined the Rule 23(a) requirements for class certification and found that Plaintiff failed to meet her burden of satisfying the commonality requirement for her off-the-clock work putative class. See Walmart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551

9

1 (2011) ("A party seeking class certification must affirmatively demonstrate" "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."). In making that determination the Magistrate Judge considered the Coalinga hourly associate employee declarations which this Court has excluded. Considering Plaintiff's declaration (ECF No. 130-2), excerpts from her deposition (ECF No. 130-1 ("Perez Decl.") at Exh. B; ECF No. 128 ("Wohl Decl.") at Exh. E), the Kmart opening and closing checklist (Perez Decl. at Exh. A), excerpts of the deposition of Aimee Grabau, Format Leader of Human Resources for Kmart (Perez Decl. at Exh. C), the declaration of Aimee Grabau (ECF No. 90), the accompanying Associate Handbooks and Addenda (ECF No. 90-1 at pp. 1-16), time punch audit reports (id. at pp. 17-62), and the declaration of William Watts, store manager for the Coalinga Kmart (ECF No. 91-2 at 173-178), Plaintiff has failed in her burden to establish commonality. (For summary see generally, ECF No. 129 at 23-29.)

Plaintiff's evidence, at best, tends to indicate that Kmart has allowed a flexible policy whereby managers are permitted "to establish their own closing procedures or routine for performing required closing tasks," (ECF 109 at 1) that Plaintiff on several occasions worked after she clocked out (in violation of the stated Kmart policy), (Perez Decl. at Exh. B; Perez Decl. at Exh. D; Grabau Decl. at Exh. C) that when Plaintiff remained in the store after she clocked out that she saw other employees but did not know if they clocked out, (Wohl Decl. at Exh. C) and that Plaintiff never sought permission from her supervisors to clock back in compliance with Kmart policy because she "just wanted to get out of there." (Id.) This evidence falls far short of satisfying the Court that the commonality requirement of Rule 23(a) has been met.[4]

---

[4] Plaintiff's contention that the absence of a uniform policy requiring management employees to release hourly associates immediately after they clock out would necessarily results in common answers to whether putative class members engaged in unpaid work is unavailing. Plaintiff's argument seeks to establish commonality assuming that other putative class members (across the state) violate the Kmart policy requiring all work to be recorded even if it was not previously authorized. (See ECF No. 130-1 at Exh. D; see also Walmart, 131 S.Ct. 2554-2555 (denying class certification on commonality grounds where the alleged policy was "allowing discretion" to local mangers) Plaintiff's own declaration makes clear that she did not know if this was the case even within the Coalinga Kmart. (ECF No. 128 at 50-51.)

After having conducted its own de novo review of this section, this Court will adopt the Magistrate Judge's recommendation to deny certification of the off-the-clock work putative subclass.

### F. Certification of an inaccurate wage statement class

Plaintiff provided wage statements paid by Kmart which reflect an overtime rate of pay below the rate that Plaintiff was owed and actually paid. (ECF No. 82-2) From the wage statement it could be easily determined that the rate reported was not the rate actually paid. The Magistrate Judge considered Plaintiff's declaration and wage statements (Id.) in recommending that the putative inaccurate wage statement class not be certified – despite the minimal injury arising from the inaccurately reported rate being adequate to satisfy California Labor Code section 226(e)(2)(b) – because Plaintiff failed to establish the requisite Rule 23(a) commonality.

Both parties object to the Magistrate Judge's recommendation as to this section. This Court has conducted a de novo review of this section and finds Defendant's fourth objection – Plaintiff failed to view her wage statements during her employment thus she did not suffer any damage and cannot be a typical or adequate class representative as to that claim -- meritorious. The other objections made by each party were reviewed but do not merit further discussion.

This Court agrees with the Magistrate Judge's finding that Plaintiff failed to establish the required commonality for certification of this subclass. Plaintiff's only evidence of incorrect wage statements is her declaration and accompanying wage statements. Neither of those documents provides any indication that inaccuracy of the wage statements was common to the class, only that plaintiff received inaccurate wage statements. For that reason, this Court will adopt the Magistrate Judge's recommendation as to this section.

Next, it is undisputed that Plaintiff did not view her wage statement. (ECF No. 128 at 51-53.) Because Plaintiff did not view her wage statements (even though the injury required to find a violation of California Labor Code section 226 is minimal) (see Seckler v. Kindred HealthCare Operating Group, Inc., 2013 WL 812656, *12 (C.D. Cal. Mar. 5, 2013)) the minimal injury requirement is not met. In order for a Plaintiff to have suffered an injury cognizable under section 226 the Plaintiff must have been unable to quickly verify earnings when looking at the

wage statements. Nguyen v. Baxter Healthcare Corp., 2011 WL 6018284, *9 (C.D. Cal. Nov. 28, 2011); see Price v. Starbucks Corp., 192 Cal.App.4th 1136, 1142 (2nd Dist. 2011); see also Seckler, 2013 WL 812656, at *11 (citing, inter alia, Wang v. Chinese Daily News, Inc., 435 F.Supp.2d. 1042, 1050-1051 (C.D. Cal. 2006) (injury requires at least "default and expense … in reconstructing time," "confusion over whether they received wages owed to them," or "forcing employees to make mathematical computations."). Without having ever looked at the wage statements Plaintiff cannot meet this minimal injury standard. Without having suffered the requisite injury, even if a class were otherwise cognizable, Plaintiff would not be a typical representative of it. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020-1021 (9th Cir. 1998) (outlining the requirement of typicality).

After having conducted its own de novo review of this section, this Court will adopt the Magistrate Judge's recommendation to deny certification of the inaccurate wage statement putative subclass, with the clarifications made, supra.

## III.

## CONCLUSION AND ORDER

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations (ECF No. 129), with the exceptions noted supra, to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike (ECF No. 95) is GRANTED and the declarations of the six putative class members provided by Plaintiff are STRICKEN;

2. Plaintiff's motion to strike (ECF No. 104) is GRANTED IN PART and DENIED IN PART;
    a. The declarations of the hourly associate employees provided by Defendant are STRICKEN;
    b. The declarations of the associate manager employees provided by Defendant are not stricken and were appropriately considered herein;

3. Plaintiff's motion to modify the scheduling order (ECF No. 113) is DENIED; and

4. Plaintiff's motion for class certification (ECF No. 82, 130) is DENIED.

IT IS SO ORDERED.

Dated:   September 30, 2014                    _____
                                                SENIOR DISTRICT JUDGE