**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMIE HOLAK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>K MART CORPORATION, a Michigan Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  1:12-cv-00304-AWI-MJS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>ORDER DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE |

**I. INTRODUCTION**

Kmart Corporation ("Defendant") has moved for partial summary judgment as to Plaintiff Amie Holak's ("Plaintiff") the Private Attorney General Act ("PAGA") claim and inaccurate wage statement claim to the extent that each relies on Plaintiff having worked off-the-clock during the period from January 23, 2011, forward. In the alternative, Defendant moves to strike the representative allegations of Plaintiff's PAGA claim. For the following reasons, Defendant's motion for summary judgment will be granted and Defendant's motion to strike will be denied.

///

///

1

## II. BACKGROUND[1]

Plaintiff worked as an hourly associate at the Coalinga Kmart store ("the Store") from July 2008 to February 2010, and again from December 2010 to September 2011. Defendant's Statement of Undisputed Facts, Doc. 151 ("DSUF") at ¶ 1. During Plaintiff's employ with Defendant, she worked both at the Little Caesars within Kmart and as a Kmart men's department "Team Lead." Doc. 41 at 2.

The Store opened at 8:00 a.m. and closed at either 9:00 p.m. or 10:00 p.m., depending on the day. Deposition of Amie Holak ("Pltf. Dep.") at 119:17-25; *see* DSUF at 6. Plaintiff always clocked in when she arrived at the Store. When Plaintiff worked the closing shift at the Store she clocked out after she completed her assigned duties. DSUF at ¶ 1; Pltf. Dep. at 123:17-19. When the Store closed at night the front doors were locked to prevent customers from entering. Pltf. Dep. at 132:7-11. Defendant's store managers were the only employees at the Store with a key to the front door. Pltf. Dep. 132:7-10, 132:21-24. Plaintiff contends that, on some occasions, after she clocked out of her closing shift, her managers would require her to wait to be let out of the Store. Pltf. Dep. at 125:3-5, 127:18-21. More often, when Plaintiff clocked out and her coworkers were still finishing their tasks, Plaintiff helped other them finish their job assignments. Pltf. Dep. at 126:12-25, 127:12-16.  It is undisputed that plaintiff was not compensated for any time after she clocked out.

Defendant has submitted Plaintiff's time logs which indicate that Plaintiff did not clock out after 7:01 p.m. between January 1, 2011, and the termination of her employment with Defendant. Doc. 153 at 5-17.

On January 19, 2012, Plaintiff sent a letter, via certified mail, to the Labor and Workforce Development Agency ("LWDA") and Defendant. *See* Declaration of Alexandria Witte Doc. 155-3, Exhibit 1 ("PAGA Notice Letter") at 4-7. That letter outlined alleged violations of California Labor Code Sections 510, 1194, 1197, 1197.1, 201-204, 226(a), 212, 221,[2] and 1198.

///

---

[1] The background provided here is limited to the facts necessary for disposition of this motion.

[2] Plaintiff's claims pursuant to Labor Code Sections 212 and 221 were not alleged in the Second Amended complaint.

2

## III. LEGAL STANDARD

**A. Motion for Summary Judgment**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Early resolution of issues that present no dispute genuine dispute of material fact serves a principal purpose of Rule 56 – disposing of unsupported claims and defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323; *see* Fed. R. Civ. P. 56(c)(1)(A). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex,* 477 U.S. at 325). If the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, *see Liberty Lobby,* 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *see Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1436 (9th Cir.1987).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); *SEC v. Seaboard Corp.,* 677 F.2d 1301, 1305–06 (9th Cir.1982). The court must construe all facts and inferences in the light most favorable to the non-moving party. *See Liberty Lobby*, 477 U.S. at 255. However, conclusory and speculative testimony does not raise a genuine

factual dispute and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738–39 (9th Cir.1979).

## IV. DISCUSSION

**A. PAGA Penalty Claim**

Plaintiff's sixth cause of action, brought in a representative capacity, seeks PAGA penalties for violation of numerous sections of the California Labor Code. Doc. 52 at ¶¶ 77, 79-83. It is undisputed by the parties that the PAGA limitations period is one year and reaches back – at furthest – to January 19, 2011. Doc. 155 at 13; Doc 150 at 2; *see* Cal. Civ. Code § 340(a).

<u>i. Section 2699.3 Exhaustion</u>

The primary assumption underlying Defendant's argument is that the scope of Plaintiff's claim is restricted to Plaintiff having been involuntarily held or permitted to work after clocking out of her closing shift. Plaintiff contends that her claim is not so limited. The scope of this claim has not been questioned to this point in the litigation. However, this claim could be limited either by the language of the operative complaint[3] or by the sufficiency of the notice provided to LWDA.

Section 2699, subdivision (a), part of PAGA "permits aggrieved employees to recover civil penalties that previously could be collected only by LWDA." *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal.App.4th 1112, 1125 (Cal. Ct. App. 2012). However, a PAGA suit is limited by the "written notice ... [given] to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." *Archila v. KFC U.S. Properties, Inc*., 420 F. App'x 667, 669 (9th Cir. 2011) (citing Cal. Lab.Code § 2699.3(a)(1)). The code's plain language requires the letter include the "facts and theories to support the alleged violation." Cal. Lab.Code § 2699.3(a)(1).

The requirements for exhaustion with notice to the LWDA are intended to give specific notice of the potential claims and facts at issue to allow for the possibility of correction without litigation. *See Hamilton v. Genesis Logistics, Inc*., 2013 WL 3168373, at *4 (C.D.Cal. June 20,

---

[3] Because this Court finds that Plaintiff's PAGA claim is restricted to the theories exhausted in PAGA Notice Letter, it does not consider whether the Second Amended Complaint alleges additional unexhausted theories.

2013) (LWDA notice requirement "intended to protect business by putting them on notice of violations"). PAGA notice must be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations. *See Stafford v. Dollar Tree Stores, Inc.*, 2015 WL 1509202, \*4 (E.D Cal. Apr. 1, 2015); *Soto v. Castlerock Farming and Transportation, Inc.*, 2012 WL 1292519, \*8 (E.D. Cal. Apr. 16, 2012) (Section 2699.3 notice requires "an exceedingly detailed level of specificity.") PAGA claims are limited to the specific theories mentioned in the PAGA notice letter. *Bradescu v. Hillstone Restaurant Group, Inc.*, 2014 WL 5312546, \*11 (C.D. Cal. Sept. 18, 2014), *tentative ruling confirmed by* 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014) (noting that a notice letter setting forth an overtime violation based on one theory would not satisfy the notice requirement as to a violation of the same code section under a different theory). A bare recitation of the code sections allegedly violated does satisfy the exhaustion requirement of Section 2699.3. *See Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x at 669; *Singletary v. Teavana Corp.*, 2014 WL1760884, \*3 (N.D. Cal. Apr. 2, 2014); *Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873, \*3-4 (C.D. Cal. July 3, 2013); *Green v. Bank of America, Nat. Ass'n.*, 2013 WL 4614122, \*2 (C.D. Cal. May 30, 2013)

To support her claim that she has complied with the exhaustion requirement that includes "incorrectly stat[ing] the overtime rate as an amount markedly less than 1.5 times Plaintiff's regular rate," Doc. 155 at 13, Plaintiff directs the Court to the language of her PAGA Notice Letter:

> Violation of California Labor Code § 226(a)
>
> California Labor Code § 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. [Defendant] did not provide Ms. Holak and other aggrieved employees with proper itemized wage statements. The wage statements they received from [Defendant] were in violation of California Labor Code section 226(a). The violations include, without limitation, the failure to include the total hours worked by Ms. Holak and other aggrieved employees and the failure to list all applicable hourly rates.

Doc. 155 at 9 (citing Doc 155-3 at 5) (emphasis omitted). Plaintiff contends that "[b]y its plain language, Plaintiff's Notice Letter advised the LWDA and [Defendant] of facts and theories supporting her section 226 wage statement claim." Doc 155 at 9. Not so. The quoted section of

5

the letter – standing alone – would not suffice to meet the notice requirement of Section 2699.3; it contains no facts or theories of liability, only legal conclusions. However, this section of the letter must be read in conjunction with the letter as a whole. The PAGA Notice Letter provides two sets of facts and theories that support the alleged violations. First, Plaintiff outlines how she and the other allegedly aggrieved employees were "required to wait off-the-clock while their supervisors finished up his or her duties, including closing procedures, and physically let them out of the store." Doc. 155-3 at 5. Second, Plaintiff explains that she and the other allegedly aggrieved employees were paid in non-negotiable instruments, not payable in cash on demand without discount because they were provided with "payroll debit cards" which required them to withdraw from ATMs – with fees per transaction and transaction limits below their total wage amounts – in increments of $20.00 which prevented the entire wage amount from being accessed in cash. Doc. 155-3 at 6. Of the two, only the first set of facts is alleged as a basis for Labor Code violations in Plaintiff's Second Amended Complaint.[4]

Both of those theories were support by factual allegations that placed LWDA and Defendant on notice of the alleged violations. In fact, if proven, the first theory could result in a finding of Defendant's "failure to include the total hours worked … and failure to list all applicable hourly rates…." Doc. 155-3 at 5. As a result, this Court cannot conclude that the LWDA or Defendant could have concluded that Plaintiff sought to allege *any* other theory of violation of Labor Code Section 226(a), much less that they were put on notice that Defendant failed to pay overtime at a rate of 1.5 times the base hourly rate as Plaintiff presently contends. The same is true of Plaintiff's overtime claim (Labor Code §§ 510 and 1198), minimum wage claim (Labor Code §§ 1194, 1197, and 1197.1), final pay claim (Labor Code §§ 201, 202, and 203), timely wages claim (Labor Code § 204). Plaintiff's notice letter was adequate only to exhaust the off-the-clock wait time theory as to those alleged violations. As a result, Plaintiff is constrained to her involuntary wait time theory in bringing a claim for PAGA penalties for

---

[4] Moreover, Plaintiff's complaint provides no additional specific factual allegations regarding the alleged Labor Code violations with regard the her PAGA claim. In fact, a reading of Plaintiff's sixth cause of action reveals that it is form pleading devoid of any factual content. For instance, Plaintiff – a female – is even referred to intermittently using male pronouns. *E.g.* SAC at ¶ 82.

violation of Labor Code Sections 226(a), 510, 1198,[5] 1194, 1197, 1197.1, and 201-204.

ii. Plaintiff Lacks Standing To Maintain This Representative Claim Because She Did Not Wait Or Work Off-The-Clock As Alleged Within The PAGA Limitations Period

      Defendant has moved for summary judgment as to Plaintiff's off-the-clock wait time claim because Plaintiff did not work any closing shifts within the limitations period, thus she could not have been forced to wait while Defendant's managers let her out of the Store. Doc. 150 at 2. Defendant's time records indicate (and Plaintiff does not dispute) that she did not clock out later than 7:01 p.m. – approximately two hours before closing – after January 1, 2011. *See* Doc. 153 at 4-17; Doc 155-2 at ¶ 8. Instead, Plaintiff notes that, prior to the PAGA period, she regularly worked closing shifts. Whether Plaintiff worked a closing shift prior to the PAGA period is irrelevant for purposes of this motion. Plaintiff could not have been forced to wait to be released from the Store because her shift ended a full two hours before the earliest closing time. Accordingly, summary judgment must be granted in favor of Defendant as to Plaintiff's PAGA claim insofar as it rests on Labor Code violations due to Plaintiff's off-the-clock wait or work time.

      That said, Plaintiff asserts that she maintain her PAGA claim as a representative because she is an aggrieved employee. However, Plaintiff's alleged aggrieved employee status is based on an alleged violation Labor Code under a theory that she never properly exhausted. Namely, she claims that her wage statement failed to reflect the correct rate (1.5 times the standard rate) of overtime pay. The issue is therefore whether Plaintiff may maintain a representative PAGA action which alleges violations of the Labor Code – none of which has she suffered within the limitations period – because she suffered a violation of the Labor Code that was not exhausted pursuant to Section 2699.3, subd (a)(1). The answer is that she may not.

      PAGA authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations…." *Arias v. Superior Court*, 46 Cal.4th 969, 980 (2009). An "aggrieved employee" may bring a civil action personally and on behalf of other

---

[5] Plaintiff's claim for violation of Title 8, section 11070(14)(A), providing that employees be permitted to sit when reasonably permissible – although exhausted in her PAGA Notice Letter – has been dismissed and is otherwise not at issue with respect to this order. *See* Doc. 62.

7

current or former employees to recover civil penalties for Labor Code violations. Cal. Labor Code § 2699(a); *Amalgamated Transit Union, Local 1756 v. Sup. Ct.*, 46 Cal.4th 993, 1001 (2009). An "aggrieved employee" is defined under PAGA as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Labor Code § 2699(c). By the plain language of the statute, an aggrieved employee need only suffer one of the Labor Code violations alleged against his or her employer to be able to bring a PAGA claim on behalf of himself or herself and current or former employees who suffered any Labor Code violation at the hands of the employer. Plaintiff need not have actually suffered all of the Labor Code violations that she alleges to have taken place for purposes of seeking PAGA penalties. *See Jeske v. Maxim Healthcare Servs., Inc.*, 2012 WL 78242, *13 (E.D. Cal. Jan. 10, 2012). However, an employee must have suffered at least one of the violations alleged in the complaint to be considered an aggrieved employee for purposes of any given PAGA action.

Therefore, even assuming that Defendant issued wage statements that failed to comply with Labor Code Section 226(a), Section 2699(c) provides that an individual is only an "aggrieved employee" for purposes of maintain a PAGA action if that employee was one "against whom one or more of the *alleged* violations was committed." Cal. Labor Code § 2699(c) (emphasis added). As explained, Plaintiff's only existing claim that has complied with the exhaustion requirement of Section 2699.3 is based on her off-the-clock work and wait theory. *See* Cal. Labor Code § 2699.3(a) (providing that an action pursuant to Section 2699(a) "shall only commence after" the claim is properly exhausted). Defendant has shown that Plaintiff could not have suffered any violation under that theory within the PAGA limitations period. As a result, Plaintiff is not an aggrieved employee for purposes of prosecuting this action because none of the violations properly alleged in the PAGA claim of Plaintiff's SAC were committed against her. *See Slay v. CVS Caremark Corp.*, 2015 WL 2081642, *10 (E.D. Cal. May 4, 2015) (holding that a plaintiff does not have standing to pursue PAGA claims in a representative capacity when that plaintiff's PAGA claims were time-barred).

Because Plaintiff is not aggrieved by any of the specific Labor Code violations alleged in

8

her PAGA claim, she does not have standing to maintain this PAGA action.

**B. Non-Compliant Wage Statement Claim**

California Labor Code Section 226(a) requires employers to provide wage statements showing, *inter alia*: gross wages earned, total hours worked by the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Cal. Labor Code § 226(a)(1),(2),(8), and (9). Section 226(e) provides a remedy for employees injured by an employer's failure to comply with those requirements.[6] An action pursuant to Section 226(e) requires proof of three elements: (1) violation of Section 226(a); (2) that is "knowing and intentional"; and (3) a resulting injury. *Derum v. Saks & Co*., --- F.Supp.3d ----, 2015 WL 1396651, *4 (S.D. Cal. Mar. 26, 2015) (citing *Willner v. Manpower, Inc.*, 35 F.Supp.3d 1116, 1128 (N.D. Cal. Mar. 31, 2014)). The limitations period for a 226(e) claim seeking damages is three years, whereas the limitations period for a 226(e) claim seeking statutory penalties is one year. *See Novoa v. Charter* Communications, LLC, --- F.Supp.3d ----, 2015 WL 1879631 *10-11 (E.D. Cal. Apr. 22, 2015) (citing Cal. Code Civ. P. §§ 338, 340). Plaintiff seeks both penalties and actual damages. As to the first element, Defendant contends that any violations of Section 226(a) must be related to Plaintiff's off-the-clock wait claim. Doc. 150 at 6. Defendant also addresses the third requirement, arguing, *inter alia*, that Plaintiff's failure to have reviewed her wage statements fails to meet the minimal injury requirement of Section 226(e). Doc. 150 at 7.

i. Scope of Section 226(a) Violations Alleged

Defendant draws this Court to Plaintiff's SAC and the Magistrate Judge's description of the scope of Plaintiff's Section 226(e) cause of action. Doc. 150 at 7, n.7 (citing Doc. 129 at 41). The Magistrate Judge correctly characterized Plaintiff's 226(e) claim as being wholly derivative of her off-the-clock wait claim. The relevant portion of Plaintiff's SAC reads as follows:

---

[6] Specifically, Section 226(e)(1) provides:
> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

9

> Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to accurately list the total hours worked by Plaintiff and class members and the applicable hourly rates, as a result of Defendants' failure to capture the hours Plaintiff and class members worked off-the-clock while waiting to be let out of Defendants' stores after a closing shift.

SAC at ¶ 65. Plaintiff argues that her complaint is "clearly … not limited to claims derived from off-off-the-clock … time" because her SAC uses the phrase "among other things" in describing the alleged deficiencies of the wage statements. Doc. 155 at 14 (emphasis omitted). Even assuming such generic language could permit Plaintiff to now seek relief for otherwise unalleged conduct (which it cannot (*see* Fed. R. Civ. P. 8; *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)), the "among other things" language modifies the alleged violations of Section 226(a), it does not open the possibility that other facts might exist upon which violations of Section 226(a) might lie. Plaintiff is therefore restricted to her off-the-clock wait or work time claim as the factual basis for her 226(e) claim. As the Court has already determined that Plaintiff did not work or wait off-the-clock during the one-year limitations period of PAGA, and because statutory penalties under Section 226(e) are subject to the same limitations period, summary judgment on Plaintiff's 226(e) statutory penalty claim will be granted in favor of Defendant.

Defendant appears to assume that Plaintiff's entire 226(e) claim is subject to a one-year limitations period. Because Plaintiff also seeks the greater of penalties or actual damages (*see* Doc. 52 at ¶ 14), and because actual damages claims are subject to a three-year limitation period, Defendant is incorrect. Plaintiff has submitted evidence that she did work closing shifts – thus could have been subject to off-the-clock wait and work time – outside of the one-year limitations period. As a result, insofar as Plaintiff seeks actual damages for off-the-clock work or wait time beyond the one year limitation period, Plaintiff's claim survives.

ii. Injury Requirement

The Court has already determined, and Plaintiff does not dispute that she did not review her wage statements. Doc. 138 at 11-12; Doc 155 at 15. Instead, Plaintiff contends that the relevant inquiry – based on the 2013 Amendment – does consider not whether she actually viewed the wage statements, but is whether a *reasonable person* could promptly and easily

determine the accuracy of the wage statements from the statements alone. Doc. 155 at 15. Plaintiff is incorrect; her reading would eliminate any actual injury requirement. The 2013 statutory amendment clarified the injury requirement of Section 226(e): "[a]n employee is deemed to suffer injury … if the employer fails to provide accurate and complete information as required by one or more of [the section (a) requirements] and if the employee cannot promptly and easily determine from the wage statement alone" information including wages paid, hours worked, or applicable rates. Cal. Labor Code § 226(e)(2)(B). The amendment has not eliminated the requirement that "the employee" not be able to determine information from the wage statement. Similarly, Plaintiff's notion that the definition of "promptly and easily"[7] removes from subdivision (2)(B) any consideration of a particular employee is erroneous. The legal standard by which it is determined whether information is promptly and easily determinable is objective one but the employee must still have viewed the wage statement in question. *See Nguyen v. Baxter Healthcare Corp.*, 2011 WL 6018284, \*6 (C.D. Cal. Nov. 28, 2011).[8]

Even assuming that Plaintiff were correct and the 2013 Amendment provides a new objective standard by which a plaintiff need not even view a wage statement to be injured by allegedly contained therein, the alleged off-the-clock work and wait time in this case predate January 1, 2013, the effective date of the amendment. *See* DSUF at ¶ 1. Therefore, to the extent that it marks a substantive change, the 2013 Amendment does not apply to Plaintiff's claim. *See Fobroy v. Video Only, Inc.,* 2014 WL 6306708, \*3 (N.D. Cal. Nov. 14, 2014); *Rosas v. Hua Ping Chang*, 2014 WL 4925122, \*5 (N.D. Cal. Sept. 29, 2014).

Therefore, the remainder of Plaintiff's Section 226(e) claim will be adjudicated in favor of defendant.

///

---

[7] "'[P]romptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." Cal Labor Code § 226(e)(2)(C).

[8] Defendant contends that this Court is bound to this conclusion by the doctrine of law of the case. Doc. 150 at 8-9. "Under th[at] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States. v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (citation omitted). "A prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence" has been presented. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted); *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). None of the exceptions apply, therefore this court is bound by the doctrine of law of the case.

# V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for partial summary judgment (Doc. 149) is GRANTED as follows:
    a. Plaintiff's sixth cause of action for violation of PAGA is adjudicated in favor of Defendant;
    b. Plaintiff's fourth cause of action for non-compliant wage statements is adjudicated in favor of Defendant;
2. Defendant's motion to strike (Doc. 140) is DENIED as moot.

IT IS SO ORDERED.

Dated:   May 19, 2015

_____
SENIOR DISTRICT JUDGE