IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMIE HOLAK**, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>v.<br><br>**K MART CORPORATION**, a Michigan corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | 1:12-cv-00304-AWI-MJS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**<br><br>(Doc. #186) |

_____/

## I.    INTRODUCTION

On July 10, 2015, Amie Holak ("Plaintiff") filed a motion for certification for interlocutory appeal of the Court's May 19, 2015 order. (Doc. 186). For the reasons discussed below, the Court finds that Plaintiff has not met the requirements for an interlocutory appeal and therefore Plaintiff's motion will be denied.

## II.    BACKGROUND

Plaintiff claims Defendant violated Labor Code Sections 510, 1198, 1194, 1197, 1197.1, 201, 202, 226(a), 1198, 2698 *et seq.*, as well as California Code of Regulations, Title 8, Section 11070(14) and California Business and Professions Code Section 17200. On November 17, 2014, Defendant filed a motion for partial summary judgment on Plaintiff's sixth cause of action

1

for civil penalties under the Private Attorneys General Act ("PAGA") and fourth cause of action regarding penalties under California Labor Code Section 226(e). (Doc. 150). On May 19, 2015, the Court granted Defendant's motion. (Doc. 180). The Court's order concluded, among other things, that (1) Plaintiff is "constrained to her involuntary wait time theory in bringing a claim for PAGA penalties" because it was the only remaining theory properly exhausted in her notice letter, and (2) that Plaintiff cannot recover under Section 226(e) because Plaintiff never suffered an injury. (Doc. 180).  Plaintiff now asks the Court to certify its May 19, 2015 order for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### III.   LEGAL STANDARD

A district judge may certify an order for an interlocutory appeal if such an order involves, (1) a controlling question of law, (2) to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). A question is "controlling" if resolution of the "issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). The controlling question of law requirement is "intend[ed] to capture those 'exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.' " *Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009)(quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The requirement of substantial ground for difference of opinion is not satisfied simply because, settled law might be applied differently (*Id.*), a party strongly disagrees with the court's decision (*Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006)), or there is a "dearth of case" law contradicting the court's decision (*Davis Moreno Const., Inc. v. Frontier Steel Bldg. Corp.*, 2011 WL 347127, at *2 (E.D. Cal. Feb. 2, 2011)). Third, the ultimate termination of litigation is materially advanced if "trial is

1   avoided or the time to litigate a matter is substantially shortened." *Conte v. Jakks Pac., Inc.*, 2012

2   WL 3069971, at *3 (E.D. Cal. July 27, 2012).

3       Section 1292(b) should be applied "sparingly and only in exceptional cases." *In re Cement*

4   *Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1027. An interlocutory appeal is not "intended

5   merely to provide review of difficult rulings in hard cases." *U. S. Rubber Co. v. Wright*, 359 F.2d

6   784, 785 (9th Cir. 1966). Section 1292(b) must be construed narrowly since it is a departure from

7   the general rule that only final judgments are appealable. *Zone Sports Ctr., LLC v. Rodriguez*,

8   2013 WL 3766749, at *4 (E.D. Cal. July 16, 2013). Generally, a district court should not certify

9   an order for an interlocutory appeal where it would prolong rather than advance resolution of the

10  litigation. *Porter v. Mabus*, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014). The burden to

11  show the presence of exceptional circumstances justifying an interlocutory appeal is on the party

12  seeking certification. *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006).

13                          **IV.    DISCUSSION**

14      Plaintiff seeks certification of two issues, (1) whether the Court may limit a PAGA plaintiff

15  to the specific facts and theories alleged in the PAGA notice letter and the degree of detail

16  required for the letter, and (2) whether Plaintiff herself must have suffered an actual injury to

17  recover under 226(e). Although Plaintiff states she seeks certification of only two questions, the

18  Court believes that the first question is appropriately divided into two separate questions.

19  Plaintiff's first question addresses two different issues, (1) whether the Court may limit a PAGA

20  plaintiff to the specific theories alleged in the PAGA notice, and (2) the degree of detail required

21  in a PAGA notice letter to exhaust any one specific theory. The Court will address each question

22  separately.

23  *1.  First Issue – Whether a plaintiff is limited to the theories alleged in the PAGA notice*

24      Plaintiff argues the question regarding whether a PAGA plaintiff can be limited to the precise

25  facts and theories enumerated in the notice letter is an issue of disagreement among district

26  courts. (Doc. 186 at 14). Plaintiff acknowledges that the court in *Bradescu* limited the plaintiff to

27  the theories contained in the notice letter, but argues that other courts have taken a "more

28

                                    3

permissive approach." (Doc. 186 at 14-15)(compare *Bradescu v. Hillstone Rest. Grp., Inc.*, 2014 WL 5312546, at \*11 (C.D. Cal. Sept. 18, 2014) *order confirmed,* 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014)(holding that a plaintiff is "limited to specifically those theories (and those Labor Code sections) mentioned" in the PAGA notice); with *Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873, at \*3 (C.D. Cal. July 3, 2013)(holding that a notice must contain at least "some 'facts and theories' specific to the plaintiff's principal claims" to constitute adequate notice)).

Substantial Ground for Difference of Opinion

Most of the cases cited by Plaintiff address the issue of what constitutes a substantively sufficient notice letter rather than the question of whether a plaintiff is limited to the theories exhausted in their PAGA notice. *Cardenas* is the only case cited by Plaintiff which comes close to supporting the argument that a plaintiff is not limited to the theories alleged in their PAGA notice.

In *Cardenas* the plaintiffs' notice letter informed the defendant that "the action was being 'brought on behalf of thirty-seven truck drivers.' " *Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246, 1259 (C.D. Cal. 2011). The letter also stated the defendant employed plaintiffs out of its Southern California distribution center as truck drivers. *Id*. The defendant argued the letter limited the action to the southern California area and the thirty-seven plaintiffs. *Id*. The letter did not, according to the defendant, support a PAGA claim on behalf of employees from a distribution center located in northern California. *Id*. The court determined that the plaintiffs were not bound to the facts and theories exactly as laid out in the letter and that PAGA does not require "inclusion of every potential fact or every future theory." *Id*. at 1260. The court held that as long as the letter "reasonably details facts and theories sufficient to comply with PAGA's administrative procedures…the addition of future employees will not suggest a failure to exhaust." *Id*. at 1261.

In *Cardenas* the plaintiffs did not seek to add a new theory of liability. Instead, the plaintiffs sought to expand the membership of the representative action to include employees from a distribution center in northern California who were impacted by the defendant's same policy in

the same manner. The plaintiffs' claims and theories of liability were based on the facts and theories explained in the notice letter. Here, Plaintiff's letter articulated the theory that she and other employees "were 'required to wait off-the-clock while their supervisors finished up his or her duties, including closing procedures, and physically let them out of the store.' " (Doc. 180, p. 6). Plaintiff is not attempting to expand the membership of the representative action – based on the same theory – like the plaintiffs in *Cardenas*; instead she seeks to introduce a new theory of liability that "Defendant failed to pay overtime at a rate of 1.5 times the base hourly rate." *Id*. Plaintiff has identified no authority for that proposition. Accordingly, Plaintiff has not demonstrated that there is a substantial ground for difference of opinion on whether a plaintiff is limited to the theories stated in their notice letter.

In fact, this case is nearly on all fours with *Bradescu*. In *Bradescu* the court noted that the plaintiff's notice letter was substantively sufficient because it contained facts and theories and specific provisions of the Labor Code which had allegedly been violated. *Bradescu v. Hillstone Rest. Grp., Inc.*, 2014 WL 5312546, at *11 (C.D. Cal. Sept. 18, 2014) *order confirmed,* 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014). Although the court determined the plaintiff's letter was sufficient, it concluded that the plaintiff's PAGA claim was "limited to specifically those theories (and those Labor Code sections) mentioned in her PAGA notice." *Id*. Since Plaintiff has not demonstrated that there is a substantial difference of opinion on whether a plaintiff is limited to the theories stated in the notice letter, Plaintiff's request for certification of the order on this issue will be denied.

2.   *Second Issue – Level of detail required for PAGA notice letter*

Plaintiff argues there is substantial ground for difference of opinion because district courts have disagreed on what degree of specificity is required in a notice letter under PAGA. (Doc. 186 at 14-15). Plaintiff claims this is a controlling question of law because it would "substantially affect a large number of cases." (Doc. 186 at 11). According to Plaintiff, resolution of this issue on appeal would have a "material effect on the outcome of the litigation." (Doc. 186 at 12).

1  <u>Substantial Ground for Difference in Opinion</u>

2      The Court's May 19, 2015 order granted summary judgment for Defendant on Plaintiff's

3  PAGA penalty claims. (Doc. 180). The Court concluded that Plaintiff had not complied with the

4  exhaustion requirements regarding her theory that Defendant violated Section 226(a) by

5  " 'incorrectly stat[ing] the overtime rate as an amount markedly less than 1.5 times Plaintiff's

6  regular rate.' " (Doc. 180 at 5). Plaintiff's PAGA letter stated:

7

8          Violation of California Labor Code § 226(a)

9          California Labor Code § 226(a) requires employers to make, keep, and
10     provide true, accurate, and complete employment records. [Defendant] did not
       provide Ms. Holak and other aggrieved employees with proper itemized wage
11     statements.  The wage statements they received from [Defendant] were in
       violation of California Labor Code section 226(a). The violations include,
12     without limitation, the failure to include the total hours worked by Ms. Holak and
       other aggrieved employees and the failure to list all applicable hourly rates.

13  (Doc. 155-3 at 5). The Court held that the quoted section of the letter contained no facts or

14  theories of liability and would not constitute sufficient notice under Section 2699.3 by itself.

15  (Doc. 180 at 6). But, read as a whole the letter was substantively sufficient because it explained

16  the theory that Plaintiff and other aggrieved employees were required to wait off the clock. *Id*.

17  The Court determined that because only Plaintiff's off the clock wait time theory had been

18  adequately exhausted, she was limited to that theory of liability in bringing a claim for PAGA

19  penalties. *Id*.

20      Section 2699.3(a)(1) requires an aggrieved employee to send written notice to the LWDA

21  and the employer detailing the specific Labor Code provisions which have allegedly been

22  violated and the facts and theories to support the alleged violations. Cal. Lab. Code § 2699.3

23  (West 2015). In *Archila*, the Ninth Circuit found the plaintiff's notice letter did not comply with

24  the requirements of Section 2699.3 because it did not contain facts and theories to support the

25  plaintiff's allegations. *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir.

26  2011). *Soto* interpreted *Archila* as requiring an "exceedingly detailed level of specificity for

27

28
                                            6

Section 2699.3(a)(1) to be satisfied." *Soto v. Castlerock Farming & Transp. Inc.*, 2012 WL 1292519, at *8 (E.D. Cal. Apr. 16, 2012)(citing *Archila*, 420 F. App'x at 669).

Relying on *Soto*, *Alcantar* applied the higher standard to determine if exhaustion is satisfied. In *Alcantar* the court explained that the plaintiff's letter was insufficient because, like the letter in *Archila*, it only "vaguely list[ed] ways in which the California Labor Code provisions were violated and fail[ed] to allege specific facts." *Alcantar v. Hobart Serv.*, 2013 WL 228501, at *4 (C.D. Cal. Jan. 22, 2013). The letter stated:

> Plaintiff contends that defendant (1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include extra compensation required by California Labor Code section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay plaintiff and those who earned additional compensation for all overtime wages due; (4) failed to provide accurate wage statements to employees as required by California Labor Code Section 226; (5) failed to provide reimbursement for work related expenses as required by Labor code § 2802; and (6) failed to provide off duty meal periods and to pay compensation for work without off-duty meal periods to its California employees in violation of California Labor Code sections 226.7 and 512, and the applicable Industrial Welfare Commission orders. Said conduct, in addition to the foregoing, violated each Labor Code section as set forth in California Labor Code section 2699.5.

*Id*. at *2. The court did not use the term "exceedingly detailed level of specificity," but citing *Soto* the court explained that *Soto* "demonstrates that simply claiming violations of Labor Code provisions without specifying the factual context underlying those violations is insufficient for satisfying the statutory prerequisites of PAGA." *Id*. at *3.

Other courts in this Circuit have disagreed with *Soto*'s reading of *Archila*, requiring instead that the notice contain "at least some alleged facts and theories." *Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873, at *3 (C.D. Cal. July 3, 2013); *Gonzalez v. Millard Mall Servs., Inc.*, 2012 WL 3629056, at *6 (S.D. Cal. Aug. 21, 2012); *Moua v. Int'l Bus. Machines Corp.*, 2012 WL 370570, at *5 (N.D. Cal. Jan. 31, 2012); *see York v. Starbucks Corp.*, 2012 WL 10890355, at *4 (C.D. Cal. Nov. 1, 2012); *Gonzalez v. Millard Mall Servs., Inc.*, 2012 WL 3629056, at *3 (S.D. Cal. Aug. 21, 2012). *Amey*, *Ovieda*, and *Moua* explicitly applied the lower standard

requiring "some facts and theories" to satisfy the exhaustion requirement. The *Amey* letter stated[1]:

> Violation of California Labor Code § 226(a)
>
> California Labor Code section 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. CINEMARK did not provide Ms. Brown and other aggrieved employees with properly itemized wage statements. The wage statements they received from CINEMARK were in violation of California Labor Code section 226(a). The violations include, without limitation, failing to state the total hours they worked as a result of working off-the-clock and not recording or paying for those hours.

The court noted that the Central District's opinion in *York* appeared to support the plaintiffs' argument that "it is unreasonable to expect [plaintiffs] to include every theory and detail of their allegation under section 226 prior to discovery." *Amey v. Cinemark USA Inc.*, 2015 WL 2251504, at *14-15 (N.D. Cal. May 13, 2015)(citing *York v. Starbucks Corp.*, 2012 WL 10890355, at *4 (C.D. Cal. Nov. 1, 2012)). But, the court did not find *York* to be persuasive. *Id.* It explained that the sole factual allegation contained in the notice, failure to state the total hours worked as a result of working off the clock, was unrelated to the plaintiffs' new claim that the overtime rate was listed the same as employees' hourly rate. *Id.* at 15. As such, the court determined that the one factual allegation did not adequately give the defendant notice of plaintiffs' facts and theories regarding the new alleged violation of Section 226. *Id.* After analyzing a number of cases, the court held that it is clear that "plaintiffs are required to provide at least some information regarding the theories relating to the alleged violations." *Id.* at 14.

In *Ovieda* the court held that "to constitute adequate notice under § 2699.3(a), the notice must allege at least some 'facts and theories' specific to the plaintiff's principal claims." *Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873, at *3 (C.D. Cal. July 3, 2013). The court found the plaintiff's letter was insufficient because it did not describe the defendant's allegedly unlawful policies or practices. *Id.* at *4. Instead, the letter merely "recit[ed] the statutory

---

[1] The letter can be found as Docket item 83-17 in *Amey v. Cinemark USA Inc.*, (Northern District of California 3:13-cv-05669-WHO), publicly available through the Northern District's CM-ECF system. The Court takes judicial notice of that document.

requirements defendants allegedly violated." *Id.* at *3. The term "principal claims" appears to refer to the underlying labor code provisions.[2] The court explains that the notice does not contain "facts specific to [the plaintiff's] principal meal and rest break claim and unpaid wages claim." *Id.* at *4. The court determined the holding from *Cardenas*, that a letter does not have to include every potential fact or every future theory, is not inconsistent with its holding that a letter must "include some facts specific to the plaintiff's principal claims." *Id. Ovieda* appears to require some facts and theories specific to *each* alleged labor code violation.

The *Moua* court determined the plaintiff's letter was sufficient because it named the specific employees and identified "at least *some* facts and theories." *Moua v. Int'l Bus. Machines Corp.*, 2012 WL 370570, at *5 (N.D. Cal. Jan. 31, 2012).[3] It appears that *Moua* applied the same standard as the *Amey* court which required plaintiffs to provide "at least some information regarding the theories relating to the alleged violations." *See Amey*, 2015 WL 2251504 at *14.

*York* did not articulate the standard necessary for exhaustion, but it appears the court used a standard similar to, if not the same as, the "some facts and theories" standard. *York v. Starbucks Corp.*, 2012 WL 10890355, at *4. In *York* the plaintiffs' letter stated[4]:

> Violation of California Labor Code § 226(a)
>
> California Labor Code § 226(a) requires employers to make, keep and provide true, accurate, and complete wage statements showing nine itemized pieces of information. Starbucks Corporation did not provide Ms. York and other aggrieved employees with proper itemized wage statements. The wage statements they received from Starbucks Corporation were in violation of California Labor Code § 226(a). The violations include, without limitation, the

---

[2] The court does not define "principal claims." The court describes the issue in the case as "whether [the plaintiff's] notice included sufficient 'facts and theories to support the alleged violation[s].' " *Id.* at *2. The court then notes that for a letter to contain "sufficient facts" it must contain some facts and theories specific to the principal claims. *Id.* at *3. This seems to indicate the term "principal claims" refers to the underlying labor code provisions.

[3] The format of the *Moua* notice letter is unusual. The first section of the letter lists the ways in which the defendant violated the Labor Code. The second section then lists the Labor Code provisions that were violated. The letter can be found as Docket item 66 in *Moua v. Int'l Bus. Machines Corp.*, (Northern District of California 5:10-cv-01070 EJD), publicly available through the Northern District's CM-ECF system. The Court takes judicial notice of that document.

[4] The letter can be found as Docket item 170-3 in *York v. Starbucks Corp.*, (Central District of California 2:08-cv-07919-GAF-PJW), publicly available through the Central District's CM-ECF system. The Court takes judicial notice of that document.

9

failure to include total hours worked, and the failure to include the applicable hourly rates.

The defendants argued the notice was not sufficient because it did not meet the "exceedingly detailed level of specificity" standard. *York v. Starbucks Corp.*, 2012 WL 10890355, at *3 (C.D. Cal. Nov. 1, 2012). The defendants found fault with the fact that the letter "alleged the 'applicable hourly rates' were absent from the wage statements instead of specifically alleging that the 'overtime rate' was missing." *Id*. at 4. The court noted that *Archila* and *Soto* involved more complex claims and that the plaintiff's letter was more detailed than the letters involved in those cases. *Id*. The court concluded - without explicitly articulating what standard it applied – that the letter was sufficient and that no case law required the level of detail suggested by the defendants. *Id*. at *4.

The court in *Gonzalez* also did not explicitly articulate what standard it applied, but it appears the court relied on a standard similar to the "some facts and theories" standard of *Moua*. The plaintiffs' letter in *Gonzalez* stated:

> Labor Code § 212(a) forbids employers in California from issuing payment of wages in an instrument that is not (1) negotiable, (2) payable in cash, (3) on demand, (4) without discount, (5) at an established place of business in California, (6) the name and address of which appears on the instrument, and (7) which place of business has been prepared, by the deposit of funds, understanding to pay the money called for by the instrument. In violation of these statutory requirements, the Defendants issued pay checks out of a bank in Illinois and the address of the bank does not appear on the checks.

*Gonzalez v. Millard Mall Servs., Inc.*, 2012 WL 3629056, at *3 (S.D. Cal. Aug. 21, 2012). The defendants argued the letter did not provide notice of the facts and theories supporting the allegation that there was no California address where the checks could be cashed. *Id*. at *5. The court stated that it disagreed with the *Soto* court's interpretation that *Archila* requires a PAGA notice to contain an exceedingly detailed level of specificity. *Id*. The court explained that the notice "states one specific labor code violation as well as facts to support that violation." *Id*. at *6. The court found this constituted "sufficient facts" since the plaintiffs' theory that there was no California address where the checks could be cashed could be understood from the phrase

1  "Defendants issued pay checks out of a bank in Illinois and the address of the bank does not
2  appear on the checks." *Id*.

3      The notice letters in *York* and *Amey* are very similar to Plaintiff's letter and both apply a
4  lower standard for exhaustion than articulated in *Soto*. However, *York* and *Amey* come to
5  opposite outcomes regarding the adequacy of the largely identical notice letters. *York* determined
6  that the plaintiff's letter was sufficient to support the theory that the overtime rate was missing
7  from the wage statements despite the fact that the notice letter only alleged the applicable hourly
8  rates were missing. *Amey*, on the other hand, held that the plaintiff's allegation in the notice
9  letter, that defendant failed to state the total hours worked as a result of working off the clock,
10 was not sufficient to support the plaintiff's new theory that the overtime rate was listed
11 incorrectly. *Amey* supports this Court's conclusion that the notice letter regarding Defendant's
12 alleged Section 226(a) violation is not sufficient to support the theory that Defendant violated
13 Section 226(a) by incorrectly stating the overtime rate as less than 1.5 times Plaintiff's regular
14 rate. But, *York* supports Plaintiff's argument that the portion of the letter explaining the alleged
15 Section 226(a) violation is sufficient to support her PAGA claim. Other courts seem to side with
16 *Amey*'s and this Court's conclusion that if a plaintiff gives no notice of a particular theory in
17 their letter, they cannot later rely on that theory of liability.

18     The Court agrees that there is disagreement among federal district courts regarding what
19 standard should be used when determining whether a PAGA notice letter contains sufficient facts
20 and theories. This Court and *Alcantar* relied on *Soto* to determine whether the notice letter was
21 sufficient. *Amey, Ovieda,* and *Moua* explicitly applied a standard requiring "some facts" or
22 "some information" regarding the plaintiff's facts and theories. *Gonzalez* and *York* appear to
23 apply the same standard – although it was not explicitly articulated. Although these cases applied
24 different standards, all, except *York*, seem to agree that if a plaintiff provides no notice of a
25 specific theory, that theory is not exhausted under Section 2699.3. Plaintiff's letter gave no
26 notice of the theory that the wage statements were in violation of Section 226(a) because they
27 incorrectly stated the overtime rate as less than 1.5 times Plaintiff's regular rate. Even under the

28

11

1  lower standard, providing no notice of a theory is not sufficient to exhaust. The only case

2  supporting Plaintiff's position is *York*. But, since a "dearth of cases" –a single outlier in this

3  instance – contradicting the Court's decision does not constitute a substantial ground for

4  difference of opinion, the Court will not certify an interlocutory appeal on this issue. *See Davis*

5  *Moreno Const., Inc. v. Frontier Steel Bldg. Corp.*, 2011 WL 347127, at *2 (E.D. Cal. Feb. 2,

6  2011).

7  *3.   Third Issue – Injury requirement under Section 226(e)*

8       Plaintiff argues the Court's order requiring Plaintiff to have suffered an injury herself during

9  her employment "imposed a limitation unsupported in any case law including the pre-2013

10 Amendment case law on which the Court relied." (Doc. 186 at 9). Further, Plaintiff claims there

11 are competing lines of authority as to whether Section 226(e) requires "actual injury" or whether

12 an injury can be found under an objective standard. (Doc. 186 at 17-20).

13 <u>Substantial Grounds for Difference of Opinion</u>

14      In the May 19, 2015 order the Court concluded that whether information is promptly and

15 easily determinable is an objective standard, but that an employee must have actually viewed the

16 wage statements. (Doc. 180 at 10-11). The Court found that the 2013 amendment "clarified the

17 injury requirement of Section 226(e)" rather than eliminate any actual injury requirement[5]. *Id.*

18 Plaintiff argues the 2013 Amendment "makes clear that inquiry is not based on what Plaintiff

19 actually did or tried to do but what a 'reasonable person' could or could not promptly and easily

20 determine from the wage statements alone." (Doc. 186 at 18). According to Plaintiff, the

21 language of the 2013 Amendment stating "an employee is deemed to suffer injury" creates a

22 reasonable person standard under which the injury requirement can be met regardless of whether

23 Plaintiff actually reviewed her wage statements. *Id.*

24

25 _____

[5] Plaintiff claims "this Court's conclusion that the amendment changed, rather than clarified, the injury requirement

26 is contrary to the weight of authority." (Doc 186 at 17). Contrary to Plaintiff's claim, in the May 19, 2015 order the Court specifically explained, "the 2013 statutory amendment **clarified** the injury requirement." (Doc 180 at

27 11)(emphasis added). The Court continued that "even assuming that … the 2013 Amendment provides a new objective standard….[constituting] a substantive change, the 2013 Amendment does not apply to Plaintiff's claim." *Id.*

28

*Novoa* explained that "the 2013 Amendment is best understood as clarifying that the Section 226 injury requirement hinges on whether an employee can 'promptly and easily determine' from the wage statement, standing alone, the information needed to know whether he or she is being underpaid." *Novoa v. Charter Commc'ns,* 2015 WL 1879631, at *14 (E.D. Cal. Apr. 22, 2015). The court determined the plaintiff had suffered an injury because he had to "engage in mathematical computations to reconstruct time records and determine if he was correctly paid." *Id.* at 15.

*Boyd* interpreted the 2013 Amendment as clarifying that the injury requirement of Section 226(e) is "presumptively satisfied if the employer fails to provide accurate and complete information as required by" Section 226(e)(2)(B). *Boyd v. Bank of Am. Corp.*, 2015 WL 3650207, at *33 (C.D. Cal. May 6, 2015). The court found the plaintiffs had satisfied the injury requirement because the plaintiffs could not "readily determine the total hours worked and applicable hourly pay, which made it difficult for them to determine the amount of overtime worked." *Id. Boyd* explains that the injury requirement is "presumptively satisfied if the employer fails to provide accurate and complete information." Here, Plaintiff presumptively satisfied the injury requirement because Defendant failed to provide accurate information on the wage statements. But, nothing indicates that this presumption cannot be rebutted. In her deposition testimony Plaintiff testified that she never viewed her wage statements; rebutting the presumption that she had suffered an injury. (Doc. at 11-12).

In *Ridgeway* the plaintiffs argued they did suffer an injury because the defendant failed to include the required information on their wage statements and as a result they could not "promptly and easily determine from the wage statements alone the total hours worked, piece rates paid, or applicable hourly rates." *Ridgeway v. Wal-Mart Stores, Inc.*, 2014 WL 2600326, at *8 (N.D. Cal. June 10, 2014). The court granted summary judgment for the defendant because the plaintiffs had not stated in their declarations or depositions that they actually engaged in any mathematical calculation. *Id.* at *9. The court concluded "that plaintiffs have failed to identify

1   evidence of injury sufficient to raise an issue of material fact as to whether [plaintiffs] suffered a

2   compensable injury under Section 226(e)." *Id*.

3       In *Green* the defendant admitted that the plaintiff's wage statements did not include the

4   required information about the applicable hourly rates. *Green v. Lawrence Serv. Co.*, 2013 WL

5   3907506, at *13 (C.D. Cal. July 23, 2013). But, the defendant argued the plaintiff had not

6   suffered an injury and could not recover under Section 226(e). *Id*. During her deposition, the

7   plaintiff testified that it was not difficult to find the information missing from the wage

8   statements online. *Id*. at *14. The court found the plaintiff had "never experienced confusion,

9   based on a wage statement, over whether she received all wages she was owed; she also never

10  experienced difficulty in reconstructing pay records, and did not have to perform complex

11  mathematical computations to analyze whether she was properly compensated." *Id*. Therefore,

12  although the wage statement did not comply with Section 226(a), the plaintiff could not recover

13  because she had not suffered an injury. *Id*. Here, Plaintiff never viewed her wage statements, and

14  so, like the plaintiff in *Green*, she never experienced confusion based on her wage statements.

15      *Nguyen* held that to recover under Section 226(e) a plaintiff must demonstrate they suffered

16  some injury due to the employer's violation of Section 226(a). *Nguyen v. Baxter Healthcare

17  Corp.*, 2011 WL 6018284, at *8 (C.D. Cal. Nov. 28, 2011). The court determined that, "in light

18  of the fact [plaintiff] did not check her wage statements electronically," there was "insufficient

19  evidence to raise a triable issue as to whether [the plaintiff]" suffered an injury. *Id*. at *9.

20      Courts are in agreement that the injury requirement under Section 226(e) is minimal, but that

21  a plaintiff must still have suffered some injury.[6] Since courts are in agreement that a plaintiff

22  must have suffered an injury in order to recover under Section 226(e), there is no substantial

23

24  ---

   [6] Plaintiff notes the *Price* decision was cited by the legislature as one of the decisions making clarification of the

25  injury standard necessary. (Doc. 186 at 18). *Price* held, "the injury requirement in Section 226, subdivision (e),
cannot be satisfied simply because one of the nine itemized requirements in section 226, subdivision (a) is missing

26  from a wage statement." *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011). The 2013 Amendment
seems to indicate that *Price* was wrong in determining the injury requirement cannot be satisfied simply because one

27  of the itemized requirements of Section 226(a) is missing. The Amendment clarifies that an employee suffers an
injury if an employer does not provide a wage statement or a Section 226(a) requirement is missing and an employee

28  cannot promptly and easily determine that he or she has been underpaid.

1   ground for difference of opinion. Therefore, Plaintiff's request for certification of this question

2   for interlocutory appeal will be denied.

3   *4.  Materially Advance Termination of Litigation*

4        In addition, interlocutory appeal on any question presented would not materially advance

5   termination of this litigation. An appeal cannot be said to materially advance the ultimate

6   termination of litigation, "when litigation will be conducted in substantially the same manner

7   regardless" of the appellate court's decision. *Gitson v. Trader Joe's Co.*, 63 F. Supp. 3d 1114,

8   1117 (N.D. Cal. 2014)(quoting *White v. Nix*, 43 F.3d 374, 378-79(8th Cir. 1994)). In *Medlock*,

9   the plaintiffs filed a motion for certification of an order for interlocutory appeal. *Medlock v. Taco*

10  *Bell Corp.*, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014). The plaintiffs sought to appeal

11  the court's denial of class certification with respect to plaintiffs' PAGA claims for alleged wage

12  and hour violations. *Id*. In denying the motion the court reasoned,

13

14          An appeal would not materially advance the ultimate termination of the
            litigation. Reversal on appeal would result in the claim being revived and, if
15          anything would protract litigation. There would be little time savings, as the
            same result would occur if the parties waited for final judgment in this action and
16          appealed the issue at that point…While the Court acknowledges that it may be
            more convenient in some ways to hold a single discovery period and single trial
17          on Plaintiff's claims, including the dismissed PAGA claims which Plaintiffs wish
            to appeal, the time savings associated with a consolidated single trial is not
18          sufficient to meet the "materially advanced" standard, particularly when weighed
19          against the possibility that interlocutory appeal merely wastes more time if this
            Court's decision is affirmed.

20  *Id*.

21       This case is very similar to *Medlock*. Here, Plaintiff seeks certification of an appeal to revive

22  her PAGA claim and her claim pursuant to Section 226(e). Whether Plaintiff appeals the Court's

23  order now or waits until final judgment, the same result would occur and little, if any, time

24  would be saved. Plaintiff argues that interlocutory appeal will materially advance the termination

25  of litigation because it would be more "economical" if the Court only has to preside over one

26  trial with one jury. Like the court in *Medlock*, this Court agrees that while a single trial might be

27

28

more convenient, it does not satisfy the materially advanced standard justifying certification for an interlocutory appeal.

## V.   DISPOSITION

Plaintiff's motion for certification of the Court's May 19, 2015, order for interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated:   August 11, 2015

_____

SENIOR  DISTRICT  JUDGE

16